UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| TRUSTEES ON BEHALF OF TEAMSTERS BENEFIT TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>COASTSIDE SCAVENGER COMPANY,<br><br>  Defendant.<br>_____/ | No. C 11-05316 LB<br><br>**ORDER RE NEED FOR SUPPLEMENTAL DECLARATIONS** |

In the above-captioned matter, Plaintiff filed a motion for default judgment that has been noticed for hearing on April 5, 2012. ECF Nos. 19 and 25. The court identifies the following small deficiencies and directs Plaintiff to correct them.

Plaintiff seeks damages of $50,000 in unpaid liquidated damages. ECF No. 19 at 2; Complaint, ECF No. 1 at 4. Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for – and the court may grant – a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper v. Combs,* 792 F.2d 915, 925 (9th Cir. 1986). But the plaintiff must prove all damages sought in the complaint. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). And "even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." *LG Elecs., Inc. v. Advance Creative Computer*, 212 F.Supp.2d 1171, 1178 (N.D. Cal. 2002). Here, Plaintiff makes allegations in its motion and complaint but provides no evidence.

C 11-05316 LB
ORDER

Plaintiff also seeks attorneys' fees. ECF No. 19 at 2. Plaintiff's counsel filed a declaration in support of the application for the award of attorneys's fees. ECF No. 21. The undersigned directs Plaintiff's counsel to supplement his declaration to address the two deficiencies identified below.

First, as to the requested rate, the fee applicant has the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of attorneys of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). While the undersigned does not intend for Plaintiff to incur significant expense in addressing this deficiency, an attorney's declaration regarding the reasonableness of his or her own rate, standing alone, is insufficient to meet the fee applicant's burden. *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, (N. D. Cal. Apr. 1, 2011) (citing *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)); *APL Co. Pte. Ltd. v. UK Aerosols Ltd.*, No. C 05-00646 MHP, 2010 WL 347667, at *4 (N. D. Cal. Sept. 3, 2010) (same).

Second, as to the requested hours, a fee applicant must show that he or she exercised billing judgment in the preparation of the attorney's fee application and that the requested hours were reasonably expended (i.e., not duplicative, unproductive, excessive or otherwise unnecessary). *Hensley*, 461 U.S. at 434. Detailed billing records – e.g., hourly invoices – are generally required to assist the court in its determination of reasonable fees. *See, e.g.*, *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1232 (9th Cir. 1997) ("[T]he district court abused its discretion by not requiring . . . original time records and billing statements."); *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Here, Plaintiff submitted hourly invoices but it is unclear which lawyers performed the tasks described in the affidavit.

The court **ORDERS** Plaintiff to file the supplemental declarations to correct the deficiencies by 5:30 p.m. on March 29, 2012, and – if not unduly burdensome – to email the billing records in

1 Wordperfect, Microsoft Word, or Microsoft Excel format to lbpo@cand.uscourts.gov. If Plaintiff
2 cannot produce the declarations by this time, Plaintiff shall notify the court and the court will
3 reschedule the hearing.
4 **IT IS SO ORDERED.**
5 Dated: March 26, 2012

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**