1  CATHERINE E. AROSTEGUI, SBN 118756
   PETER McENTEE, SBN 252075
2  BEESON, TAYER & BODINE, APC
   520 Capitol Mall, Suite 300
3  Sacramento,  CA  95814-4714
   Telephone:    (916) 325-2100
4  Facsimile:    (916) 325-2120
   Email:        PMcEntee@beesontayer.com
5

6  Attorneys for Plaintiff
   TRUSTEES ON BEHALF OF TEAMSTERS BENEFIT TRUST
7

8           **UNITED STATES DISTRICT COURT**

9       **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  TRUSTEES ON BEHALF OF TEAMSTERS<br>BENEFIT TRUST, | Case No. CV-11-05316 LB |
| 12                                    Plaintiff, | **SUPPLEMENTAL DECLARATION OF**<br>**CATHERINE E. AROSTEGUI IN SUPPORT**<br>**OF AN AWARD FOR ATTORNEY FEES** |
| 13                    v. | **AND COSTS ON PLAINTIFF'S MOTION**<br>**FOR DEFAULT JUDGMENT** |
| 14  COASTSIDE SCAVENGER COMPANY;<br>COASTSIDE/SEACOAST SCAVENGER | Hearing Date:     April 26, 2012 |
| 15  COMPANY, and COASTSIDE/SEACOAST<br>DISPOSAL COMPANY, | Hearing Time:     11:00 a.m.<br>Courtroom:        15 |
| 16 | Judge:            Magistrate Judge |
| 17                    Defendants. | Laurel Beeler<br>Complaint Filed:  November 1, 2011 |

18

19      I, CATHERINE E. AROSTEGUI, declare as follows:

20      1.      I am an attorney at the law firm of Beeson, Tayer & Bodine, attorneys of record for

21  the Plaintiff in the above-captioned action and have been practicing ERISA collections law in the

22  United States District Court for the Northern District of California since 1985.

23      2.      I have personal knowledge of the facts set forth in this Declaration.

24      3.      On or about December 2, 2011, the Summons, Complaint and accompanying court

25  documents were served on Defendant Coastside Scavenger Company, Coastside/Seacoast Disposal

26  Company and Coastside/Seacoast Scavenger Company.

27      4.      Default was entered against Defendants on December 14, 2012.

28  / / /

5.     Plaintiffs filed a Motion for Default Judgment and Supporting Declarations on February 9, 2012.

6.     On March 26, 2012 United States Magistrate Judge Laurel Beeler filed an Order Re Need for Supplemental Declarations and requested that Plaintiff's counsel submit satisfactory evidence that Plaintiff's requested attorney fee rate is in line with those prevailing in the community for similar services of attorneys of reasonably comparable skill, experience, and reputation, including affidavits of the Plaintiff's attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases, particularly those setting a rate for the Plaintiff's attorney.

7.     In the following default judgment ERISA collection law cases in the United States District Court for the Northern District of California, I have been awarded attorney fees at the rate of $250.00 an hour:

a.     *Trustees on Behalf of Teamsters Benefit Trust v. Lance Soares, Inc., dba Clean Sweep Environmental* (Case No. C-11-00657 JCS) - Plaintiff was awarded $4,950.00 in attorney fees based on an hourly rate of $250.00/hour for 19.8 hours of work. According to the Report and Recommendation Re Plaintiff's Motion for Default Judgment filed by United States Magistrate Judge Joseph C. Spero on July 26, 2011, "[t]he Court finds that both the hours billed by Plaintiff and the hourly rate requested to be reasonable, and therefore recommends that Plaintiffs be awarded $4,950.00 in attorneys' fees." A copy of the Report and Recommendation Re Plaintiff's Motion For Default Judgment and Order Adopting Report and Recommendations and Entering Injunction are attached to this Declaration as Exhibit "A" and "B", respectively, and are incorporated by reference.

b.     *Trustees on Behalf of the Bay Area Automotive Group Welfare Fund v. Cal State Patrol Service, Inc.* (Case No. C-09-05092 CRB) - On April 10, 2010, Judge Charles C. Breyer awarded Plaintiff $7,437.50 in attorney fees based on an hourly rate of $250.00/hour for attorney time and $125.00/hour for law clerk time, which included 20.9 hours of attorney time and 11.7 hours of law clerk time. A copy of the Order of Default Judgment is attached to this Declaration as Exhibit "C" and is incorporated by reference.

8.     In the following ERISA collection cases, my colleagues have been awarded rates of $250.00 an hour or higher:

a.     *The Board of Trustees v. Core Concrete Construction, Inc.*, 2012 WL 380304 (N.D.Cal.) – On January 17, 2012, your Honor, United States Magistrate Judge Laurel Beeler, awarded $8,033.75 in attorney fees to Plaintiff's counsel based on an hourly rate of $345.00 for attorneys and $145.00 for the paralegals that worked on the case. A copy of the Report and Recommendation Recommending Granting Plaintiffs' Motion for Default Judgment and Order Reassigning Case is attached as Exhibit "D" and is incorporated by reference.

b.     *Carpenters Pension Trust Fund for Northern California and Board of Trustees, Carpenters Pension Trust Fund for Northern California v. Mark Lindquist*, 2011 WL 4543079 (N.D. Cal.) – On September 29, 2011, Judge Samuel Conti awarded Plaintiff's counsel $51,825.00 in attorney fees based on an hourly rate of between $225.00 and $275.00 for attorney time and $115.00 for paralegal time. A copy of the Order Granting Plaintiff's Motion for Attorney Fees is attached as Exhibit "E" and is incorporated by reference.

9.     Richard Grosboll, President and Managing Partner of the San Francisco law firm of Neyhart, Anderson, Flynn & Grosboll has provided a Declaration stating that he has had attorney fees awarded and settlement agreements approved at the rate of $250.00 - $265.00 an hour for cases in the United States District Court, Northern District of California. A copy of Mr. Grosboll's Declaration is attached as Exhibit "F" and is incorporated by reference.

10.    The attorney fees expended in this case total 73.7 hours and involved three attorneys and one law clerk: Catherine Arostegui, with over twenty-five (25) years experience in ERISA collection cases; Peter McEntee, who is in his fifth year of practicing law at the firm; Brandon Brazil, who is in his second year with the firm; and Karli Bobus, who was a 3rd year law student at U.C. Davis School of Law at the time she worked on this case. A detailed breakdown of the hours and work involved, by attorney/law clerk, is attached to this Declaration as Exhibit "G".

a.     I, Catherine E. Arostegui, expended forty-four and seven tenths (44.7) hours of work on this case. My work in collecting Coastside's delinquent payments, liquidated damages, and audit access lasted for almost three (3) years and required extensive time due to Coastside's repeated violations. My time on the case included pre-litigation collections work including correspondence with Defendant, several telephone conferences with the Trust Fund and Local Union regarding

1   collection options, and negotiating payment plans and settlement with Defendant's attorneys.  I also

2   spent pre-litigation time researching the legal theories and issues related to this litigation, reviewing

3   the Complaint and other filings and preparing documents responsive to Magistrate Judge Beeler's

4   request for supplemental declarations.

5          b.     Peter McEntee expended twenty-five (25) hours of work on this case.  His

6   work included research regarding the appropriate legal theory and the appropriate Defendants,

7   including research on whether Recology of the Coast was liable for only delinquencies.  He also

8   expended time preparing the complaint, preparing the Request for Entry of Default, preparing the

9   Motion for Default Judgment and other accompanying documents, and preparing documents

10  responsive to Magistrate Judge Beeler's request for supplemental declarations.

11         c.     Brandon Brazil spent two (2) hours of work researching reasonable attorney

12  fee cases in the United States District Court, Northern District of California in response to Magistrate

13  Judge Beeler's request for applicable cases on that issue.

14         d.     Karli Bobus did two (2) hours of legal research regarding collection of

15  liquidated damages owed pursuant to a settlement agreement and identifying the proper Defendant

16  for the law suit.

17       11.     Costs totaling 953.16 have been incurred as follows:

18         a.     $350.00 for filing costs;

19         b.     $465.00 for process serving costs;

20         c.     29.40 for photocopy costs;

21         d.     $68.18 for UPS Overnight costs to the Court (Chamber copies)

22         e.     $40.58 for Westlaw online legal research.

23       A breakdown of costs is attached to this Declaration as Exhibit H.

24  ///

25  ///

26  ///

27  ///

28  ///

DECLARATION OF CATHERINE E. AROSTEGUI IN SUPPORT OF
AN AWARD FOR ATTORNEY FEES AND COSTS
Case No. CV-11-05316 LB

1       I declare under penalty of perjury under the laws of the State of California that the foregoing

2  is true and correct to the best of my knowledge, except as to those matters stated herein on

3  information and belief, and as to those matters I believe them to be true.  Executed this 19th day of

4  April 2012 in Sacramento, California.

5

CATHERINE E. AROSTEGUI

6  Attorneys for Trustees on Behalf of
Teamsters Benefit Trust

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CATHERINE E. AROSTEGUI IN SUPPORT OF
AN AWARD FOR ATTORNEY FEES AND COSTS
Case No. CV-11-05316 LB

260646.doc

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRUSTEES ON BEHALF OF TEAMSTERS BENEFIT TRUST,

Plaintiff,

v.

LANCE SOARES, INC., dba CLEAN SWEEP ENVIRONMENTAL,

Defendants.

Case No. C-11-00657 JCS

**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Docket No. 14]**

## I.      INTRODUCTION

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiff brings a Motion for Default Judgment ("the Motion") seeking entry of default judgment, an injunction requiring Defendant to provide specified documents and submit to an audit of its books and records, and an award of attorneys' fees and costs . The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civ. L. R. 7-1(b), and therefore **vacates the hearing set for Friday, July 29, 2011**. For the reasons stated below, it is recommended that the Motion be GRANTED, that the Court enter an injunction requiring Defendant to submit to an audit, and that Plaintiff be awarded $5,490.13 in attorneys' fees and costs.

## II.      BACKGROUND

The Complaint in this action is brought by the Trustees on Behalf of Teamsters Benefit Trust ("Plaintiff" or "Trust Fund"). Complaint, ¶ 3. Plaintiff alleges that it is "an employee benefit plain within the meaning of 29 U.S.C. § 1002 and § 1132(d)." *Id.* The Complaint names as Defendant Lance Soares, Inc., doing business as Clean Sweep Environmental ("Defendant"). *Id.*, ¶ 4.

Plaintiff alleges that Defendant was signatory to and bound by a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters, Local Union No. 150 (AFL-

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   CIO) ("the Union") by virtue of signing an Individual Construction Agreement with the Union that

2   incorporated by reference the CBA. *Id.*, ¶ 6 & Ex. A (Individual Construction Agreement signed by

3   Defendant on Aug. 5, 2008). Plaintiff further alleges that Defendant was signatory to a Subscriber's

4   Agreement with the Trust Fund that obligated Defendant to make health and welfare contributions

5   on behalf of its covered employees to the Trust Fund in accordance with the Agreement and

6   Declaration of Trust of the Teamsters Benefit Trust ("Trust Agreement"). *Id.*, ¶ 7, Ex. B

7   (Agreement and Declaration of Trust of the Teamsters Benefit Trust ("Trust Agreement") & Ex. C

8   (Subscriber's Agreement).[1]

9        Article III, Section 3.4 of the Trust Agreement provides that employers must submit to an

10  audit by an accountant chosen by the Board of Trustees. *Id,* ¶ 8 & Ex. B (Trust Agreement), Article

11  III, Section 3.4. According to Plaintiff, on June 9, 2010, the Trust Fund auditor sent Defendant a

12  letter requesting that Defendant contact the Trust Fund auditor's office to schedule an appointment

13  for a payroll audit and provide payroll and other employer documents and records for the period of

14  July 1, 2007 to the present. *Id.*, ¶ 9. Defendant failed to comply with the request. *Id.*, ¶ 10 & Ex. D

15  (June 9, 2010 Letter).

16       Plaintiff filed the Complaint in this action on February 14, 2011, pursuant to 29 U.S.C. §

17  1132(g), seeking an order requiring that Defendant submit to an audit as well as an award of any

18  contributions shown to be due upon completion of the audit, liquidated damages, interest, costs,

19  attorneys' fees and audit fees. Defendant failed to appear or otherwise file a responsive pleading in

20  this action. Pursuant to Federal Rule of Civil Procedure 55(a), default was entered on March 21,

21  2011. *See* Docket No. 9.

22       Plaintiff filed the instant Motion on May 4, 2011. In the Motion, Plaintiff seeks a mandatory

23  injunction requiring the Defendant to submit to an audit of their financial records and provide:

24       (a)    Payroll registers or other documents which show wages paid and hours worked by

25             month (preferably) or week;

26

_____

27      [1]The Court notes that Plaintiff has, in the text of its Complaint, misidentified Exhibit A as being
the "Trust Agreement" and Exhibit B as being the "Individual Construction Agreement." *See* Complaint

28  ¶ ¶ 3, 6. In fact, Exhibit A to the Complaint is the "Individual Construction Agreement" and Exhibit B
is the Trust Agreement. *See* Complaint, Ex. A & B.

United States District Court

For the Northern District of California

1    (b)    California state quarterly payroll tax returns (Form DE 6);

2    (c)    Monthly transmittals to the Trust showing the names reported for benefits;

3    (d)    Monthly hours summaries or other documents used to facilitate accurate reporting;

4    (e)    Detailed documentation of the job classifications of employees not reported to the

5           Trust;

6    (f)    Monthly transmittals to other Trust Funds;

7    (g)    Time cards for the most recent full quarter or the current year;

8    (h)    Collective bargaining agreement, for the entire testing period, covering employees

9           who are reported to the Trust; and

10   (i)    Seniority lists covering the entire testing period for the period of July 1, 2007 to the

11          present.

12   Motion at 2.  In addition, Plaintiff requests an award of attorneys' fees in the amount of $4,950.00

13   and $540.13 in costs. *Id.* at 5.

14   **III.    ANALYSIS**

15      **A.    Adequacy of Service of Process**

16          As a preliminary matter, where entry of default judgment is requested, the Court must

17   determine whether service of process was adequate.          *Bank of the West v. RMA Lumber Inc.*,

18   2008 WL 2474650 at *2 (N.D. Cal. June 17, 2008).  Plaintiff has presented evidence that the

19   Complaint was served on Defendant by personal service pursuant to the Federal Rules of Civil

20   Procedure by a registered California process server. *See* Declaration of Catherine E. Arostegui in

21   Support of Motion for Default Judgment ("Arostegui Decl."), Ex. A (Summons and Proof of

22   Service).   Therefore, service of process was adequate.

23      **B.    Legal Standard**

24          Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a

25   default judgment where the clerk, under Rule 55(a), has previously entered the party's default based

26   upon failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b).          Once a party's

27   default has been entered, the factual allegations of the complaint, except those concerning damages,

28   are deemed to have been admitted by the non-responding party. Fed. R. Civ. Proc. 8(b)(6); see also

1   *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon

2   default[,] the factual allegations of the complaint, except those relating to the amount of damages,

3   will be taken as true"). A defendant's default, however, does not automatically entitle the plaintiff

4   to a court-ordered default judgment. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).

5         "Granting or denying a motion for default judgment is a matter within the court's discretion."

6   *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 2010 WL 2889490 at *2 (C.D. Cal. Jul. 19, 2010)

7   (quoting *Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123 at *1 (C.D. Cal. Feb. 13,

8   2004)). The Ninth Circuit has directed that courts consider the following factors in deciding whether

9   to enter default judgment:

10      (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3)
       the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the
11      possibility of a dispute concerning the material facts; (6) whether defendant's default was the
       product of excusable neglect; and (7) the strong public policy favoring decisions on the
12      merits.

13   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

14     **C.**    *Eitel* **Factors**

15         **1.**    **Possibility of Prejudice to Plaintiff**

16        The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not

17   entered. *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

18   Defendant has failed to appear in, or otherwise defend this action, thereby leaving Plaintiff without a

19   remedy if default judgment is not entered in its favor. Therefore, this factor weighs in favor of entry

20   of default judgment.

21         **2.**    **Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

22        Next, the Court weighs the second and third *Eitel* factors, the substantive merit of the

23   plaintiff's claim and the sufficiency of the pleadings to support the claim. Plaintiff brings its claim

24   under ERISA, which provides that:

25      a civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act
       or practice which violates any provision of this subchapter or the terms of the plan, or (B) to
26      obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any
       provisions of this subchapter or the *terms of the plan*.
27

28   29 U.S.C. § 1132(a)(3) (emphasis added). Plaintiff has alleged that the Trust Agreement in this case

**United States District Court**
For the Northern District of California

4

United States District Court
For the Northern District of California

1  gives the Trust Fund the right to audit the records of the employer so long as the audit is done in

2  furtherance of a proper purpose. Complaint, ¶ 8 (citing Trust Agreement, Article III, § 3.4(a)). In

3  addition, Plaintiff has provided a copy of the Trust Agreement showing that it is entitled to an audit

4  under the circumstances alleged here. *See* Complaint, Ex. B (Trust Agreement, Article III, § 3.4).

5  Therefore, the Court concludes that these factors weigh in favor of default judgment.

### 3.    Amount at Stake

7        Fourth, under *Eitel*, the court must balance the amount of money at stake in the claim in

8  relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. Here, Plaintiff

9  seeks $5,490.13 in attorneys' fees and costs against Defendant, in addition to a mandatory

10  injunction. The Court finds this amount is commensurate with the amount Plaintiff has demonstrated

11  it is owed under the Trust Agreement. Therefore, the Court finds that this factor favors entry of

12  default judgment.

### 4.    Possibility of Dispute

14        The fifth *Eitel* factor weighs the possibility that material facts may be in dispute. *Id.* Because

15  Defendant has failed to respond in this action, it is not possible to evaluate whether there are

16  disputes of material facts. Therefore, this factor is neutral.

### 5.    Possibility of Excusable Neglect

18        The sixth *Eitel* factor weighs whether Defendant's default may have been the product of

19  excusable neglect. *Id.* Here, Plaintiff has demonstrated that it has properly served Defendant with,

20  *inter alia*, a Summons and Complaint, as well as the instant motion. Defendant nonetheless failed to

21  appear, indicating that its failure to appear was willful. Therefore, this factor weighs in favor of

22  entry of default judgment.

### 6.    Policy for Deciding Cases on the Merits

24        The seventh *Eitel* factor takes into account the policy consideration that whenever possible,

25  cases should be decided on their merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b)

26  indicates that the preference of disposing of cases on their merits is not absolute. *Pepsico*, 238 F.

27  Supp. 2d at 1177. Defendant has failed to respond or otherwise defend itself in this action, such that

28  deciding the case upon its merits is not possible. Therefore, this factor is neutral.

United States District Court

For the Northern District of California

1    Weighing the *Eitel* factors discussed above, the Court concludes that default judgment

2    should be entered against Defendant.

3    **D.    Requested Relief Under Section 1132(g)(1)**

4         **1.    Injunctive Relief**

5    Once liability is established through a defendant's default, a plaintiff is required to establish

6    that the requested relief is appropriate. *Geddes*, 559 F.2d at 560. As stated above, under 29 U.S.C.

7    § 1132(a)(3), a plan fiduciary may bring an action to enforce the terms of the plan. It is established

8    that where an employer is bound by a collective bargaining agreement, the requirement that the

9    employer submit to an audit is enforceable under ERISA, even if that requirement is found in a trust

10   agreement incorporated in the collective bargaining agreement rather than in the collective

11   bargaining agreement itself. *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920

12   F.2d 1491, 1494 (9th Cir. 1990) (citing *Central States, Southeast and Southwest Areas Pension Fund*

13   *v. Central Transport, Inc.*, 472 U.S. 559, 568 (1985)).

14   Here, Plaintiff seeks to conduct an audit, pursuant to Article III, Section 3.4 of the Trust

15   Agreement, as set forth above. Plaintiff's request is necessary for the proper administration of the

16   Trust Funds and properly mandated by the Trust Agreement. Therefore, Plaintiff's request for an

17   order requiring that Defendant submit to an audit of Defendant's record for the period of July 1,

18   2007 to the present should be GRANTED.

19        **2.    Attorneys' Fees and Costs**

20   Under ERISA, the Court has discretion to "allow reasonable attorney[s'] fee[s] and costs of

21   action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit instructs courts to consider five

22   factors in determining whether an award of attorney' fees is appropriate. *Hummell v. S.E. Rykoff &*

23   *Co.*, 634 F.2d 446, 453 (9th Cir. 1980)). In particular,

24   > courts should consider these factors among others: (1) the degree of the opposing parties'
   > culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3)
25   > whether an award of fees against the opposing party would deter others from acting under
   > similar circumstances; (4) whether the parties requesting fees sought to benefit all
26   > participants and beneficiaries of an ERISA plan or to resolve a significant legal question
   > regarding ERISA; and (5) the relative merits of the parties positions.
27

28   *Id.* at 453 (citations omitted). The Ninth Circuit has further instructed that § 1132(g)(1) "should be

6

United States District Court

For the Northern District of California

1  read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to

2  enforce his rights under his plan, should ordinarily recover an attorney's fee unless special

3  circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d

4  587, 589 (9th Cir. 1984) (internal quotations omitted) (internal citations omitted).

5      The Court concludes, based on consideration of the factors articulated in *Hummell*, that

6  Plaintiff is entitled to an award of attorneys' fees incurred in this action.  First, Defendant has acted

7  in bad faith because it has ignored Plaintiff's request for an audit, to which Plaintiff is entitled under

8  the terms of the Trust Agreement, and has failed to appear in this action despite proper service.

9  Second, an award of fees and costs will likely deter other employers from refusing to comply with

10 the audit requirements of their trust agreements. Third, Plaintiff has incurred attorneys' fees and

11 costs in connection with its attempt to conduct an audit, which in turn, is aimed at enforcing the

12 requirement that employers pay required contributions under the Trust Agreement.  Enforcement of

13 this requirement benefits not only the Trust but also the beneficiaries of the Trust. Fourth, the

14 evidence presented by Plaintiff demonstrates that Plaintiff's claims have merit and that Defendant

15 has breached the terms of the Trust Agreement by failing to submit the requested documents for an

16 audit. Therefore, the Court finds that Plaintiff is entitled to an award of attorneys' fees and costs.

17              **a.    Calculation of Attorneys' Fees**

18      In this Circuit, the starting point for determining reasonable fees is the calculation of the

19 "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation

20 by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).

21  In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of

22 hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g*

23 *denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

24      Here, Plaintiff seeks $ 4,950.00 in attorneys' fees. The $4,950.00 in attorneys' fees is

25 calculated based on an hourly rate of $250.00/hour for 19.8 hours of work. Arostegui Decl., ¶ 8-10.

26 In her declaration, Arostegui states that "to the best of [her] knowledge, $250.00 per hour for

27 attorney time is commensurate with the customary hourly fee for services rendered in similar cases."

28 Plaintiff has also provided an itemized description of the time billed by counsel, which the Court has

**United States District Court**
For the Northern District of California

1  reviewed. *Id.*, Ex. C. The Court finds that both the hours billed by Plaintiff and the hourly rate

2  requested to be reasonable, and therefore recommends that Plaintiffs be awarded $4,950.00 in

3  attorneys' fees.

              **b.**     **Calculation of Costs**

5       Plaintiff seeks $540.13 for the following costs incurred in prosecuting this action: (1)

6  $350.00 for filing fees; (2) $51.85 for service of the Complaint; (3) $60.74 for online legal research;

7  and (4) $77.54 for photocopying and mailing costs. Arostegui Decl., ¶ 11 & Ex. C. The Court finds

8  all of the costs requested by Plaintiff are allowable. In particular, under Civil Local Rule 54-3(a)(1),

9  an award of the clerk's filing fee is allowable if paid by the claimant. Further, under Civil Local

10  Rule 54-3(a)(2), service of process fees are allowable to the extent actually incurred. Finally,

11  Plaintiff is entitled to the costs incurred for online legal research, photocopying and mailing under

12  Article III, Section 3.4 of the Trust Agreement. Therefore, Plaintiff should be awarded $540.13 in

13  costs.

14  **III.**   **CONCLUSION**

15       For the reasons stated above, Plaintiff's Motion should be GRANTED and default judgment

16  should be entered against Defendant. Plaintiff is entitled to an injunction requiring Defendant to

17  submit to an audit and supply the documents specified in Plaintiff's Proposed Order, as well an

18  award of attorneys' fees and costs in the amount of $5,490.13.

22  Dated: July 26, 2011

 

                              JOSEPH C. SPERO
                              United States Magistrate Judge

# EXHIBIT B

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10

TRUSTEES ON BEHALF OF
TEAMSTERS BENEFIT TRUST,

No. C 11-00657 WHA

11

Plaintiff,

12

v.

13

LANCE SOARES, INC., dba CLEAN
SWEEP ENVIRONMENTAL,

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AND ENTERING INJUNCTION**

14
15

Defendant.
_____/

16
17
18
19
20
21
22
23

The Court is in receipt of the report and recommendation on plaintiff's motion for default judgment in this action by Magistrate Judge Spero (Dkt. No. 22). No objections to the report and recommendation were filed. FRCP 72(b)(2). This order ACCEPTS and ADOPTS the findings therein. Plaintiffs are entitled to default judgment, an injunction requiring defendant to submit to an audit, and an award of attorney's fees and costs in the amount of $5,490.13. Judgment will be entered accordingly. Defendant shall submit to an audit of its records for the period of July 1, 2007, through the present and shall supply the documents listed in plaintiff's proposed order (Dkt. No. 17 at 2–3).

24
25

**IT IS SO ORDERED.**

26
27

Dated: August 11, 2011.

28

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

# EXHIBIT C

1  CATHERINE E. AROSTEGUI, SBN 118756
   BEESON, TAYER & BODINE, APC
2  520 Capitol Mall, Suite 300
   Sacramento, CA 95814-4714
3  Telephone:    (916) 325-2100
   Facsimile:    (916) 325-2120
4  Email:        carostegui@beesontayer.com

5

6  Attorneys for Plaintiff
   TRUSTEES ON BEHALF OF THE BAY AREA AUTOMOTIVE GROUP WELFARE FUND

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11 | TRUSTEES ON BEHALF OF THE BAY | Case No. C-09-05092 CRB
   | AREA AUTOMOTIVE GROUP WELFARE |
12 | FUND,                         | [PROPOSED] ORDER OF DEFAULT
   |                      Plaintiff, | JUDGMENT
13 |                               |
   |                      v.       |
14 |                               |
   | CAL STATE PATROL SERVICE, INC. |
15 |                               |
   |                      Defendant. |
16

17         Having considered Plaintiff's Motion for Default Judgment and the Declarations of Amy

18 Lambert and Catherine E. Arostegui in support thereof, the Court grants Default Judgment in favor of

19 the Plaintiff, Trustees on Behalf of the Bay Area Automotive Group Welfare Fun, and orders

20 Defendant, Cal State Patrol Service, Inc., to pay to the Plaintiff the following:

21     1.  Unpaid delinquent contributions in the amount of $25,490.00;

22     2.  Unpaid liquidated damages of $3,058.80;

23     3.  Interest on unpaid contributions calculated pursuant to Internal Revenue Code 6621, plus

24         three percent (3%) percent, from the date contributions were originally due in the amount

25         of $2,039.20;

26     4.  Attorneys fees in the amount of $7,437.50; and

27     5.  Costs in the amount of $574.68; for a total of $38,600.18.

28

---

[Proposed] Order of Default Judgment                                                    1
Case No. C09-05092 CRB                                                          134422.doc

1   **IT IS SO ORDERED.**

2

3   Dated: __April 21, 2010__                    By: _____



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order of Default Judgment
Case No. C09-05092 CRB

134422.doc

# EXHIBIT D

Westlaw.

Slip Copy, 2012 WL 380304 (N.D.Cal.)
(Cite as: 2012 WL 380304 (N.D.Cal.))

**H**
Only the Westlaw citation is currently available.

United States District Court, N.D. **California**,
Oakland Division.
The BOARD OF TRUSTEES, Plaintiffs,
v.
CORE CONCRETE CONSTRUCTION, INC., Defendant.

No. C 11–02532 LB.
Jan. 17, 2012.

Barry E. Hinkle, Concepcion E. Lozano–Batista, Patricia A. Davis, Weinberg Roger & Rosenfeld A Professional Corporation, Alameda, CA, for Plaintiffs.

## REPORT AND RECOMMENDATION RECOMMENDING GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT; ORDER REASSIGNING CASE

LAUREL BEELER, United States Magistrate Judge.

*1 The court recommends granting default judgment in favor of Plaintiffs—the Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation–Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training and Retraining Trust Fund for Northern California—who sued Defendant Core Concrete Construction, Inc. for failing to make timely payments and make monthly reports in violation of the parties' bargaining agreement, the Employee Retirement Income Security Act (ERISA), and the Labor Management Relations Act. *See* Complaint, ECF No. 1 at 1–2.[FN1] Following a hearing on January 3, 2011, this court finds that (A) Plaintiffs established personal and subject matter jurisdiction, and (B) the factors in *Eitel v. McCool* favor entry of default judgment. The court recommends entry of default judgment of $19,201.21 in delinquent contributions, $6,915.81 in liquidated damages and interest, $556.06 in costs, and $8,033.75 in fees.

> FN1. Court filings are identified by their docket number and page on the Electronic

Case Filing ("ECF") docket sheet.

Because the defendant has not appeared and thus has not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), this matter should be reassigned to a district judge with this recommendation for default judgment.

## II. FACTS
### A. *Notice to Defendant*
Plaintiffs filed the complaint on May 25, 2011 and personally served Defendant's agent for service on June 8, 2011. Proof of Service, ECF No. 4 at 4. On September 8, 2011, after Defendant failed to file a responsive pleading or otherwise appear in the case, Plaintiffs requested entry of default and mailed a copy of this request to Defendant on the same day. Motion for Entry of Default, ECF No. 7 at 3. The clerk of the court entered default on September 9, 2011. Entry of Default, ECF No. 9. On November 4, 2011, Plaintiffs filed a motion for default judgment and served Defendant by mail on the same day. Motion for Default Judgment, ECF No. 12 at 1; Certificate of Service, ECF No. 16 at 1–2.

### B. *Parties and Terms of Collective Bargaining Agreement and Trusts*
Plaintiffs are trustees and fiduciaries of multiemployer employee benefit plans—which were created by trust agreements subject to and pursuant to 29 U.S.C. § 186—within the meaning of ERISA who administer the plans in the district. Complaint, ECF No. 1 at 2; Hagan Decl., ECF No. 14 at 2, ¶¶ 4–5; 29 U.S.C. §§ 1002, 1003, 1132(d). Defendant does business in California and is an employer engaged in an industry or activity affecting commerce within the meaning of ERISA and Section 301 of the Labor Management Relations Act. Complaint ECF No. 1 at 2; Hagan Decl., ECF No. 14 at 2–3, ¶¶ 6, 8; 29 U.S.C. §§ 1002(5), 1145; 29 U.S.C. § 185.

Plaintiffs and Defendant are parties to collective bargaining agreements that require Defendant to make employer contributions to the various trust funds. Complaint, ECF No. 1 at 2–3; Hagan Decl., ECF No. 14 at 3, ¶ 9; Exh. D (2006–2010 agreement), ECF No. 14–4 at 30–31; Exh. E (2010–12 agreement), ECF No. 14–5 at 30–31. In the event of a

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 380304 (N.D.Cal.)
(Cite as: 2012 WL 380304 (N.D.Cal.))

breach, the agreements also provide for liquidated damages to cover the damages incurred by the trust funds, interest on all delinquent contributions, attorneys' fees and other collection costs, and for the audit of the signatory employer's books and records. Complaint, ECF No. 1 at 3; Exh. F, ECF No. 14–6; Exh. G, ECF No. 14–7 at 2. Liquidated damages are assessed at a flat fee of $150 per month along with a 1.5% per month interest on all unpaid contributions. Hagan Decl., ECF No. 14 at 3, ¶ 9; Exh. E, ECF No. 14–5 at 31; Exh. G, ECF No. 14–7 at 2. The agreements also state that the employers must permit a trust fund auditor to review "any and all records relevant to the enforcement of the provisions of [the agreements]." Exh. D, ECF No. 14–4 at 14; Exh. E, ECF No. 14–5 at 14; *see also* Hagan Decl., ECF No. 14 at 20, ¶ 43.

### C. *Plaintiffs' Requested Judgment*

#### 1. Payments for outstanding contributions

**\*2** Plaintiffs seek $19,201.21 in contributions for Defendant's unpaid reports from October 2010 to March 2011. Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 4, ¶ 12.

#### 2. Liquidated damages and interest
Plaintiffs seek liquidated damages and interest of $6,915.81. *Id.*

#### 3. Attorneys Fees and Costs
Plaintiffs also request fees of $9,758.75. Motion, ECF No. 12 at 4; Lozano–Batista Decl., ECF No. 13 at 5, ¶ 10. Plaintiffs seek costs of $556.06 too. Motion, ECF No. 12 at 4; Lozano–Batista Decl., ECF No. 13 at 6, ¶ 12.

#### 4. Audit
Additionally, Plaintiffs seek an order compelling Defendant to submit to a complete audit to verify the amounts reported by Defendant and to determine whether Defendant's employees performed covered work under the collective bargaining agreement for which additional contributions are owed to the trust funds. Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 20, ¶ 44.

### III. ANALYSIS
### A. *Subject Matter and Personal Jurisdiction*

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tuli, 172 F.3d 707, 712 (9th Cir.1999).*

#### 1. Subject Matter Jurisdiction
Plaintiffs allege that Defendant failed to make contribution payments, violating the collective bargaining agreement and provisions of ERISA. Complaint, ECF No. 1 at 3–5. The court has subject matter jurisdiction over these federal claims. *See 28 U.S.C. § 1331(a).*

#### 2. Personal Jurisdiction
Defendant was served in California and engaged in business activities in the Northern District of California that are the subject of this lawsuit. Proof of Service, ECF No. 4 at 4; Hagan Decl., ECF No. 14 at 3, ¶ 8. The court has personal jurisdiction. *See, e.g., S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir.2007); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986).*

### B. *Default Judgment*
Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for—and the court may grant—a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper, 792 F.2d at 925.* Default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible." *Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir.1986).* The court must consider the following factors when deciding whether to use its discretion to grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id. at 1471–72.* The factors here favor entry of default judgment against Defendant.

#### 1. Merits and sufficiency of complaint (prongs two and three of *Eitel* test)
**\*3** After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to the amount of damages. *See Fair Housing of Marin v. Combs, 285*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 380304 (N.D.Cal.)
(Cite as: 2012 WL 380304 (N.D.Cal.))

F.3d 899, 906 (9th Cir.2002). The court is not re-
quired to make detailed findings of fact. *Id.* Default
judgment cannot exceed in amount what is demanded
in the pleadings. Fed.R.Civ.P. 54(c).

*a. ERISA claim*
    29 U.S.C. § 1145 states that "every employer
who is obligated to make contributions to a multiem-
ployer plan under the terms of the plan or a collec-
tively bargained agreement shall, to the extent not
inconsistent with the law, make such contributions in
accordance with the terms and conditions of such a
plan or such agreement." Section 1145 creates a
cause of action against employers who do not make
timely contributions that are required under a collec-
tive bargaining agreement. *See Trustees of the Screen
Actors Guild–Producers Pension & Health Plans v.
NYCA, Inc., 572 F.3d 771, 774–76 (9th Cir.2009);
Board of Trustees v. RBS Washington Blvd, LLC, No.
C 09–0660 WHA, 2010 WL 145097, at *2 (N.D.Cal.
Jan.8, 2010).* Plaintiffs here must prove the follow-
ing: (1) the trusts are multiemployer plans as defined
by 29 U.S.C. § 1002(37); (2) the collective bargain-
ing agreement obligated Defendant to make contribu-
tions; and (3) Defendant did not make the required
contributions. 29 U.S.C. § 1145; *Board of Trustees of
the Sheet Metal Workers Health Care Plan of North-
ern California v. Gervasio Envtl. Sys., No. C 03–
4858 WHA, 2004 WL 1465719, at *2 (N.D.Cal. May
21, 2004).*

    Plaintiffs' complaint contains sufficient facts es-
tablishing the elements of the claim: the trusts are
multiemployer benefit plans within the meeting of
ERISA; the collective bargaining agreement required
Defendant to make contributions to the plans; and
Defendant did not make payments. Plaintiffs meet
prongs two and three of the *Eitel* test. *See* ECF No. 1
(setting forth facts).

*b. 29 U.S.C. § 1985 claim*
    29 U.S.C. § 185 permits Plaintiffs to sue for
breaches of a collective bargaining agreement. Fed-
eral courts apply federal common law principles to
determine the enforceability of contract provisions
like liquidated damages provisions. *See Idaho
Plumbers & Pipefitters Health & Welfare Fund v.
United Mech. Contractors, Inc., 875 F.2d 212, 216
(9th Cir.1989).* Plaintiffs' complaint sufficiently al-
leges a contractual obligation to make contributions
and a breach of that obligation.

**2. The Remaining *Eitel* Factors**
    The remaining *Eitel* factors weigh in favor of
granting default judgment.

    *a. Possibility of prejudice to plaintiff.* If the mo-
tion is not granted, Plaintiffs have no recourse to en-
force the terms of the agreement requiring Defendant
to make plan contributions and pay liquidated dam-
ages.

    *b. Possibility of dispute concerning a material
fact.* Defendant never answered the complaint, and so
there is no information that there might be a disputed
issue of material fact. The issues are straightforward:
did Defendant fail to make timely contributions re-
quired by the agreement, and what are the liquidated
damages and interest. Given that the issues are easily
ascertainable, the possibility for substantial fact dis-
putes seems unlikely.

    *\*4 c. Excusable Neglect.* There is no suggestion
of excusable neglect.

    *d. The sum of money at stake in the action.* When
the money at stake in the litigation is substantial or
unreasonable, default judgment is discouraged. *See
Eitel, 782 F.2d at 1472* (three-million dollar judg-
ment, considered in light of parties' dispute as to ma-
terial facts, supported decision not to enter default
judgment); *Tragni v. Southern Elec. Inc., No. 09–32
JF, 2009 WL 3052635, at *5 (N.D.Cal. Sept.22,
2009); Board of Trustees, 2010 WL 145097 at *3
(citing Eitel, 782 F.2d at 1472).* Nevertheless, where
the sum of money at stake is tailored to the specific
misconduct of the defendant, default judgment may
be appropriate. *Board of Trustees of the Sheet Metal
Workers Health Care Plan v. Superhall Mechanical,
Inc., 2011 WL 2600898 at *2* (the sum of money for
unpaid contributions, liquidated damages, and attor-
neys fees were appropriate as they were supported by
adequate evidence provided by Plaintiffs). The
amounts sought here are appropriate as they are sup-
ported by the evidence, and they are required by both
the collective bargaining agreement and 29 U.S.C. §
1132. *See Northwest Administrators, Inc. v. Albert-
sons, Inc., 104 F.3d 253, 257–58 (9th Cir.1996).* This
factor does not disfavor entry of default judgment in
this case.

    *e. Strong policy in Federal Rules favoring deci-*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 380304 (N.D.Cal.)
(Cite as: 2012 WL 380304 (N.D.Cal.))

sions on merits. Despite the policy of favoring deci-
sions on the merits, default judgment is appropriate
when a defendant refuses to litigate a case.
Fed.R.Civ.P. 55(b); *see* *Board of Trustees v. RBS*
*Washington Blvd, LLC,* 2010 WL 145097, *4.

**C. Relief Sought**
    *Under the collective bargaining agreement and*
*the ERISA statute, when contributions are* unpaid,
Plaintiffs may recover the following: (1) unpaid con-
tributions; (2) interest on the unpaid contributions;
(3) liquidated damages; (4) reasonable attorney's fees
and costs; and (5) such other legal or equitable relief
the court deems appropriate. *See* Complaint, ECF No.
1 at 6–7, ¶ 3; 29 U.S.C. § 1132(g)(2).

    For the ERISA claim for damages under 29
U.S.C. § 1132(g)(2), Plaintiffs must prove their enti-
tlement to relief through written declarations and
fulfill the following three requirements: (1) the de-
fendant must be delinquent in its contributions at the
time the action is filed; (2) the district court must
enter judgment against the defendant; and (3) the
plan must provide for the damages sought. *Northwest*
*Administrators, Inc.,* 104 F.3d at 257; *Idaho Plumb-*
*ers & Pipefitters,* 875 F.2d at 215. If these require-
ments are met, an award of contributions, liquidated
damages, and reasonable attorneys' fees and costs is
mandatory. *Northwest Administrators,* 104 F.3d at
257; *Board of Trustees,* 2010 WL 145097 at *3. Liq-
uidated damages of up to 20 percent are permitted
under 29 U.S.C. § 1132(g)(2). Liquidated damages
and reasonable fees and costs are mandatory under
ERISA for contributions that were unpaid at the time
the action was filed. *See* *Northwest Administrators,*
104 F.3d at 257. Here, given the facts discussed
above, Plaintiffs have proven their entitlement to the
requested relief.

    *5 For the breach of contract claim for damages,
the district court applies federal contract law to de-
termine whether the liquidated damages are reason-
able. *See* *Idaho Plumbers,* 875 F.2d at 216. Liqui-
dated damages provisions must meet two conditions
to be enforced: (1) the harm caused by the breach of
contract must be difficult or impossible to estimate;
and (2) the amount of liquidated damages must be a
reasonable forecast of compensation for the harm
caused. *Id.* at 217; *United Order of American Brick-*
*layers & Stone Masons Union No. 21 v. Thorleif Lar-*
*sen & Son, Inc.,* 519 F.2d 332, 332 (9th Cir.1975)

(upholding liquidated damages provision in collective
bargaining agreement of 10 percent of unpaid contri-
butions); *see also* Finegan Declaration, Ex. 3, ECF
No. 13–1 at 8 (recognizing that harm caused by the
breach are difficult to estimate). Liquidated damages
for late payments and reasonable fees and costs also
are allowed and appropriate under the terms of the
collective bargaining and trust agreements. *See Idaho*
*Plumbers,* 875 F.2d at 214–18. Again, Plaintiffs have
proven their entitlement to the requested relief.

**1. Delinquent Contributions**
    Plaintiffs seek $19,201.21 as Defendant's bal-
ance of contributions due for unpaid reports from
October 2010 to March 2011. Motion, ECF No. 12 at
4; Hagan Decl., ECF No. 14 at 4, ¶ 12. Plaintiffs are
entitled to contributions as the trusts are multiem-
ployer plans, the collective bargaining agreement
Defendant to make contributions, and Defendant
failed to make contributions in whole or in part. 29
U.S.C. § 1145; *Northwest Administrators,* 104 F.3d
at 257.

**2. Liquidated Damages and Interest**
    Plaintiffs seek liquidated damages and interest of
$6,915.8. Motion, ECF No. 12 at 4; Hagan Decl.,
ECF No. 14 at 4, ¶ 12. Plaintiffs are entitled to liqui-
dated damages and interest on the unpaid contribu-
tions because the contributions were delinquent at the
time the action was filed, an entry of default was en-
tered against Defendant, and the agreement provides
for the damages sought. *See Idaho Plumbers,* 875
F.2d at 215.

**3. Attorneys' Fees and Costs**
    Plaintiffs also asked for fees of $9,758.75.
Lozano–Batista Decl., ECF No. 13 at 5, ¶ 10. Plain-
tiffs requested costs of $556.06 too. *Id.* at 6, ¶ 12.
The costs are comprised of a $350 filing fee, $199.74
for the service of the court documents, and $6.32 in
research costs. *Id.* at 6, ¶ 11. These costs are reason-
able.

    As to attorneys fees, an award of fees is manda-
tory because contributions are unpaid, and the plan
provides for reasonable fees and costs. *See Northwest*
*Administrators,* 104 F.3d at 257. Fees also are al-
lowed and appropriate under the terms of the collec-
tive bargaining agreement.

    To determine a reasonable fee award in a case

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 380304 (N.D.Cal.)
(Cite as: 2012 WL 380304 (N.D.Cal.))

like this, federal courts use the lodestar method. *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir.2010). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spend on the litigation by a reasonable hourly rate. *Id.*

a. *Reasonable Hourly Rate*

   *6 A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir.2008). The relevant community is "the forum in which the district court sits," which here is the Northern District of California. *Camacho*, 523 F.3d at 979. The party requesting fees must produce satisfactory evidence—in addition to the attorney's own affidavits or declarations—that the rates are in line with community rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Jordan v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir.1987). Plaintiffs described the qualifications of Lozano–Batista, Hinkle, and the paralegals who worked on the case, requesting hourly fees of $345, $345, and $145, respectively. Lozano–Batista Decl. 13 at 4–5, ¶¶ 5–6, 8–9. The court's docket review establishes that the Northern District has approved roughly similar market rates for counsel. *See, e.g., Board of Trustees, in their capacities as Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California v. SLR Concrete Const., Inc.*, No. 09–2005 SC, 2010 WL 5422562, at *3 (N.D.Cal. Dec.28, 2010) (approving $325 per hour for Lozano–Batista, $275 per hour for Hinkle, and $125 for the firm's paralegals).

b. *Reasonable Hours Expended*

   Reasonable hours expended on a case are hours that are not " 'excessive, redundant, or otherwise unnecessary.' " *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir.2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The party requesting fees must provide detailed time records documenting the tasks completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir.2007).

   Here, according to the declaration submitted by

Lozano–Batista that provided a detailed summary of the time expended by Plaintiffs' counsel, Lozano–Batista and Hinkle expended 21.5 hours and the paralegals spent 4.25 hours on the matter. Lozano–Batista Decl., ECF No. 13 at 2–5, ¶¶ 4, 7. These hours were reasonable.

   Plaintiffs also request $1,725 for unbilled work associated with appearing at the hearing and other unspecified follow-up work. But Plaintiffs do not specify the unbilled work and the court invited Plaintiffs to appear at the hearing by telephone. Accordingly, the court recommends that Plaintiffs' request for the additional $1,725 be denied. *See Board of Trustees in their capacities as Trustees of Laborers Health and Welfare Trust Fund for Northern California v. Geotech Const., Inc.*, No. C 07–4783 BZ, 2008 WL 3496474, at *3 (N.D.Cal. July 18, 2008) (recommending that a similar request not be granted). Applying the hourly rates to the recommended hours, the court ultimately recommends that Plaintiffs be awarded $8,033.75 in fees and $556.05 in costs.

**4. Audit**

   *7 Finally, Plaintiffs seek an order compelling Defendant to submit to a complete audit to verify the amounts provided by Defendant and to determine whether Defendant's employees performed covered work under the Collective Bargaining Agreement for which additional contributions are owed to the Trust Funds. Motion, ECF No. 12 at 4; Hagan Decl., ECF No. 14 at 20, ¶ 44.

   The terms of the collective bargaining agreement determine Defendant's responsibilities. *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir.1990) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 568, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985)). Here, the agreements require employers to submit to an audit at a trust fund's request. Accordingly, the court may compel Defendant to comply with its duties under the agreement. *See id.* (holding that courts could compel an employer to submit to an audit pursuant to the terms of a trust agreement); *Board of Trustees*, 2010 WL 145097 at *5 (citing *id.*).

**V. CONCLUSION**

   Because the defendant has not appeared and thus has not consented to magistrate judge jurisdiction

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 380304 (N.D.Cal.)
(Cite as: 2012 WL 380304 (N.D.Cal.))

under 28 U.S.C. § 636(c), the court **ORDERS** this matter reassigned to a district judge with this recommendation for default judgment.

The court **RECOMMENDS** that the district court **GRANT** Plaintiffs' Motion for Default Judgment. The court further **RECOMMENDS** that the district court **AWARD** Plaintiffs $19,201.21 in delinquent contributions, $6,915.81 in liquidated damages and interest, $556.06 in costs, and $8,033.75 in fees. The court also **RECOMMENDS** issuing the following order to Defendant:

Defendant is ordered to submit to an audit by auditors selected by the Trust Funds at Defendant's premises during business hours, or where the records are kept, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Core Concrete Construction, Inc., a California Corporation, relating to the time period beginning November 1, 2009 to the present, that are relevant to the enforcement of the collective bargaining agreement or Trust Agreements, including but not limited to the following: individual earning records (compensation); W–2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE–3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120–1040 or partnership tax returns; general ledger—(portion relating to payroll audit).

A final issue is whether the court should retain jurisdiction. Courts sometimes do this, and the district court could allow the Plaintiffs to file a second submission detailing the damages sought from Defendant (apart from the amounts discussed above) for any additional contributions that are revealed by the audit. The district court could then determine whether the requested relief is appropriate. See *Board of Trustees*, 2010 WL 145097 at *2, *6–*7 (applying this procedure); *Walters v. Silveria*, No. C 07–1053 EMC, 2007 WL 2751217, at *5–*7 (N.D.Cal. Sept.4, 2007).

*8 Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); Civil L.R. 72–3. Failure to file an objection may waive the right

to review of the issue in the district court.

The court further **ORDERS** Plaintiffs to serve a copy of this report and recommendation on Defendant.

This disposes of ECF No. 12.

**IT IS SO ORDERED.**

N.D.Cal.,2012.
Board of Trustees v. Core Concrete Const., Inc.
Slip Copy, 2012 WL 380304 (N.D.Cal.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT E

Westlaw.

Slip Copy, 2011 WL 4543079 (N.D.Cal.)
**(Cite as: 2011 WL 4543079 (N.D.Cal.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
CARPENTERS PENSION TRUST FUND FOR
NORTHERN CALIFORNIA, et al. Plaintiffs,
v.
Mark Alan LINDQUIST, Defendant.

No. 10– 3386 SC.
Sept. 29, 2011.

George M. Kraw, Katherine Ann McDonough, Lisa
Marie Schwantz, Michael James Korda, Kraw &
Kraw, Mountain View, CA, for Plaintiffs.

Mark Lindquist, Oakland, CA, pro se.

*ORDER GRANTING PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES*
SAMUEL CONTI, District Judge.
**I. INTRODUCTION**
    *1 Before the court is a Motion for Attorney's
Fees filed by Plaintiffs Board of Trustees of the Car-
penters Pension Trust Fund for Northern California,
et al. ("Plaintiffs"), against Defendant Mark Alan
Lindquist ("Defendant"). ECF No. 50 ("Mot."). De-
fendant did not file an Opposition.

**II. BACKGROUND**
    This action arises from Plaintiffs' efforts to re-
cover withdrawal liability from Defendant under the
Employee Retirement Income Security Act ("ER-
ISA"). On July 19, 2011, the Court granted summary
judgment in favor of Plaintiffs. The Court held that,
pursuant to 29 U.S.C. § 1451(b), Plaintiffs were enti-
tled to $954,508.00 in unpaid principal withdrawal
liability, $95,450.80 in liquidated damages, applica-
ble interest in an amount to be determined, and attor-
ney's fees and costs. *Id.* at 17. The Court granted
Plaintiffs thirty days to file a motion for attorneys'
fees and costs. *Id.* On August 11, 2011, Plaintiffs
filed the instant Motion requesting attorney's fees in
the amount of $51,825.00 and costs in the amount of
$515.58. Mot. at 2. On August 12, 2011, Defendant
appealed the grant of summary judgment against him.

ECF No. 52 ("Not. of Appeal.").

    For the following reasons, the Court finds these
amounts to be reasonable and GRANTS Plaintiffs'
Motion. The Court STAYS this Order until Defen-
dant's appeal is resolved.

**III. LEGAL STANDARD**
    Under ERISA, the award of reasonable attorney's
fees and costs to a pension plan is mandatory in all
actions to collect unpaid employer withdrawal liabili-
ties. *Lads Trucking Co. v. Board of Trustees, W.
Conf. Teamsters Pension Trust Fund,* 777 F.2d 1371,
1373–75 (9th Cir.1985). To calculate reasonable at-
torney's fees in such an action, district courts utilize a
two-step "hybrid lodestar/multiplier" approach.
*Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942,
945 (9th Cir.2007). First, the court establishes a lode-
star by multiplying the number of hours reasonably
expended on the litigation by a reasonable hourly
rate. *Id.* In determining a reasonable hourly rate, the
court should consider "the experience, skill, and
reputation of the attorney requesting fees." *Id.* at 946.
The party seeking fees bears the burden of document-
ing the hours expended in the litigation and must
submit evidence supporting those hours and the rates
claimed. Second, in "rare and exceptional cases," the
district court may adjust the lodestar upward or
downward using a multiplier based on facts not sub-
sumed in the initial lodestar calculation. *Id.*

**IV. DISCUSSION**
    Plaintiffs' counsel have submitted detailed billing
records demonstrating that they spent 222.8 hours
litigating the instant case. ECF Nos. 50–1
("McDonough Decl."), 50–2 ("Billing Records").
These hours comprise time spent preparing pleadings,
attending case management conferences, conferring
with Defendant, propounding requests for admissions
and requests for production of documents, taking
Defendant's deposition, preparing the motion for
summary judgment, and preparing the instant Mo-
tion. McDonough Decl. ¶ 8; Billing Records. Plain-
tiffs have provided an itemized accounting of the
number of hours spent on each task. *Id.* The Court
finds the hours to have been reasonably expended on
this litigation.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 4543079 (N.D.Cal.)
**(Cite as: 2011 WL 4543079 (N.D.Cal.))**

*2 Plaintiffs' counsel charged an hourly rate of between $225 and $275 for attorney time and $115 for paralegal time. McDonough Decl. ¶¶ 4, 9. Counsel attest that the hourly fees charged for this litigation are consistent with prevailing market rates for litigation involving union-sponsored benefit funds. *Id.* ¶ 6. A court can rely on the declaration of the plan's attorney regarding the prevailing fees in the community. *United Steelworkers v. Retirement Income Plan for Hourly–Rated Employees of Asarco, Inc.,* 512 F.3d 555, 565 (9th Cir.2008). The rates charged are also in accord with rates approved in comparable cases in this district. *See, e.g., Bd. of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* 389 F.Supp.2d 1222, 1227–1228 (N.D.Cal.2005) (finding attorney rates of $210 per hour and $345 per hour to be reasonable in an ERISA action seeking payment of delinquent contributions). Therefore, the Court finds Plaintiffs' counsel's hourly rates to be reasonable. The Court finds no rare or exceptional circumstances that warrant adjusting the fee award in this case upward or downward. Accordingly, the Court finds that Plaintiffs are entitled to recover a lodestar amount of $51,825.00.

Plaintiffs have also submitted billing records showing that they incurred $515.58 in costs of delivering pleadings and other documents to this Court. McDonough Decl. at ¶ 12; Billing Records. Plaintiffs are entitled to recover these delivery costs as part of their reasonable attorney's fees. *Trustees of the Construction Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1257 (9th Cir.2006). Accordingly, the Court finds that Plaintiffs are entitled to recover a total sum of $52,340 .58.

**V. *CONCLUSION***
For the foregoing reasons, the Court GRANTS the Motion for Attorney's Fees filed by Plaintiffs Board of Trustees of the Carpenters Pension Trust Fund for Northern California, et al. against Defendant Mark Alan Lindquist in the amount of $52,340.58. This Order is hereby STAYED until the Ninth Circuit rules on Defendant's appeal and returns the case to this Court's jurisdiction.

IT IS SO ORDERED.

N.D.Cal.,2011.
Carpenters Pension Trust Fund for Northern California v. Lindquist

Slip Copy, 2011 WL 4543079 (N.D.Cal.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT F

1    CATHERINE E. AROSTEGUI, SBN 118756
     PETER McENTEE, SBN 252075
2    BEESON, TAYER & BODINE, APC
     520 Capitol Mall, Suite 300
3    Sacramento, CA 95814-4714
     Telephone:     (916) 325-2100
4    Facsimile:      (916) 325-2120
     Email:         pmcentee@beesontayer.com
5

6    Attorneys for Plaintiff Trustees on Behalf of
     Teamsters Benefit Trust

7

8                 **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   TRUSTEES ON BEHALF OF TEAMSTERS BENEFIT TRUST, | Case No. CV-11-05316 LB |
| 11 | **DECLARATION OF RICHARD** |
| 12                 Plaintiff, | **GROSBOLL IN SUPPORT OF ATTORNEY FEES** |
| 13        v. | |
| 14   COASTSIDE SCAVENGER COMPANY; COASTSIDE/SEACOAST SCAVENGER | |
| 15   COMPANY, and COASTSIDE/EASCOAST DISPOSAL COMPANY, | |
| 16                 Defendants. | |

17

18      I, RICHARD GROSBOLL, declare as follows:

19        1.       I am the President and Managing Partner of the San Francisco, California, law firm of

20   Neyhart, Anderson, Flynn & Grosboll where I have been practicing since 1984. I also supervise our

21   ERISA collections practice.

22        2.       My firm regularly appears in the United States District Court, Northern District of

23   California.

24        3.       I have personal knowledge of the facts set forth in this Declaration.

25        4.       My average billing rate for ERISA collection cases is between $250.00 and $265.00

26   an hour. I have been awarded such rates and had many settlement agreements approved with such

27   rates or in excess of those rates in the United States District Court, Northern District of California.

28   / / /

                                                            1

5.      To the best of my knowledge, and on information and belief, our rates are commensurate with the customary hourly attorney fees charged by other ERISA collection lawyers practicing in this District.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge, except as to those matters stated herein on information and belief, and as to those matters I believe them to be true.  Executed this 18th day of April, 2012, in San Francisco, California.

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _Richard K. Grosboll_
RICHARD GROSBOLL
Attorney at Law

SUPPLEMENTAL DECLARATION OF RICHARD GROSBOLL IN SUPPORT
OF ATTORNEY FEES
Case No. CV-11-05316 LB

2

260839_1 (3)

# EXHIBIT G

EXHIBIT "G"
ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger Company, and Coastside/Seacoast Disposal Company

| Billing Date | Billing Attorney | Service | Attorney Hours | Price | Value |
|---|---|---|---|---|---|
| 06/17/09 | CEA | Review correspondence from Trust Fund administrator; Preparation of Demand Letter to Company | 0.5 | 250.00 | 125.00 |
| 06/18/09 | CEA | Email correspondence with Trust Fund administrator; Update file | 0.5 | 250.00 | 125.00 |
| 07/02/09 | CEA | Review correspondence from Trust Fund administrator; Update file with additional amounts owed to Trust Fund; Telephone call to company. | 0.4 | 250.00 | 100.00 |
| 07/10/09 | CEA | Review correspondence and bank records; Telephone call to company. | 0.7 | 250.00 | 175.00 |
| 07/13/09 | CEA | Review delinquency; Preparation of demand letter to company. | 0.5 | 250.00 | 175.00 |
| 07/15/09 | CEA | Telephone conferences with Trust Fund administrator and company; calculate potential payment plan | 1.4 | 250.00 | 350.00 |
| 07/16/09 | CEA | Review revised spreadsheet from Trust Fund administrator and company; Telephone calls to company. | 0.8 | 250.00 | 200.00 |
| 07/17/09 | CEA | Email correspondence with Trust Fund administrator and company; Review facsimile from company; Telephone conference with company re payment plan and waiver of liquidated damages. | 1.5 | 250.00 | 375.00 |
| 07/21/09 | CEA | Review correspondence from company; Preparation of email correspondence to Piller re waiver of liquidated damages. | 1.5 | 250.00 | 200.00 |
| 07/29/09 | CEA | Telephone conferences with Local, company and Trust Fund administrator re bounced checks/delinquency to Trust Fund; Review email correspondence from Trust Fund administrator; Preparation of letter to company. | 1.6 | 250.00 | 400.00 |
| 07/30/09 | CEA | Telephone call to company. | 0.2 | 250.00 | 50.00 |

239753.doc

EXHIBIT "G"
ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger Company, and Coastside/Seacoast Disposal Company

| Billing Date | Billing Attorney | Service | Attorney Hours | Price | Value |
|---|---|---|---|---|---|
| 08/02/09 | CEA | Email correspondence with Trust Fund administrator | 0.2 | 250.00 | 50.00 |
| 08/03/09 | CEA | Email correspondence and telephone conference with company re disputed check. | 0.7 | 250.00 | 175.00 |
| 08/06/09 | CEA | Email correspondence with company and Trust Fund administrator | 0.9 | 250.00 | 225.00 |
| 08/10/09 | CEA | Email correspondence with Trust Fund administrator; Update file with amounts paid and amounts outstanding. | 0.7 | 250.00 | 175.00 |
| 08/13/09 | CEA | Review correspondence from Trust Fund administrator and company re remaining amounts owed; Review bounced checks. | 0.6 | 250.00 | 150.00 |
| 10/27/09 | CEA | Telephone conferences with Trust Fund administrator and Local re payments from company and outstanding obligations owed to the Trust Fund; Preparation of letter to Coastside and Recology. | 2.4 | 250.00 | 600.00 |
| 02/04/10 | CEA | Telephone conferences with attorney for company re settlement of liquidated damages and other claims; Preparation of email correspondence to Morales, Piller and Beeson. | 1.4 | 250.00 | 350.00 |
| 02/08/10 | CEA | Email correspondence with Trust Fund administrator and company attorney. | 0.4 | 250.00 | 100.00 |
| 02/11/10 | CEA | Email correspondence with Trust Fund administrator and company attorneys re missing liquidated damages. | 0.7 | 250.00 | 175.00 |
| 02/12/10 | CEA | Telephone calls and email correspondence with attorneys for Coastside; Preparation of email correspondence to Johnson re missing liquidated damages | 1.2 | 250.00 | 300.00 |

239753.doc

EXHIBIT "G"
ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger
Company, and Coastside/Seacoast Disposal Company

| Billing Date | Billing Attorney | Service | Attorney Hours | Price | Value |
|---|---|---|---|---|---|
| 02/17/10 | CEA | Telephone conferences with company attorneys and preparation of email correspondence to company attorney. | 0.5 | 250.00 | 125.00 |
| 03/2/10 | CEA | Review Payments from company and outstanding amounts owed. | 0.5 | 250.00 | 125.00 |
| 03/04/10 | CEA | Telephone conference with Trust Fund administrator re contributions paid and amounts still due and owing. | 0.3 | 250.00 | 75.00 |
| 03/11/10 | CEA | Review correspondence from company attorney; Telephone call to Pranger. | 0.5 | 250.00 | 125.00 |
| 03/11/10 | CEA | Telephone call to company attorney; Preparation of letter to company attorney. | 0.5 | 250.00 | 125.00 |
| 05/24/10 | CEA | Preparation of letter to company attorney. | 0.3 | 250.00 | 75.00 |
| 06/30/10 | CEA | Preparation of demand letter to company; Email correspondence to Trust Fund administrator. | 0.5 | 250.00 | 125.00 |
| 07/14/10 | CEA | Preparation of demand letter to company. | 0.3 | 250.00 | 75.00 |
| 10/22/10 | CEA | Draft complaint. | 1.5 | 250.00 | 375.00 |
| 11/01/10 | CEA | Telephone conference with company; Telephone calls to Trust Fund administrator and Local; Research bankruptcy court filings. | 1.8 | 250.00 | 450.00 |
| 11/02/10 | CEA | Telephone conference with Local. | 0.3 | 250.00 | 75.00 |
| 11/03/10 | CEA | Telephone conference with Local re potential bankruptcy. | 0.4 | 250.00 | 100.00 |
| 11/10/10 | CEA | Telephone conference with company attorney | 0.3 | 250.00 | 75.00 |

EXHIBIT "G"
ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger Company, and Coastside/Seacoast Disposal Company

| Billing Date | Billing Attorney | Service | Attorney Hours | Price | Value |
|---|---|---|---|---|---|
| 01/16/11 | CEA | Research re potential bankruptcy filing | 0.5 | 250.00 | 125.00 |
| 07/27/11 | PMM | Conference with Arostegui | 0.4 | 250.00 | 100.00 |
| 07/28/11 | PMM | Research; Review file. | 0.8 | 250.00 | 200.00 |
| 08/02/11 | PMM | Research | 1.0 | 250.00 | 250.00 |
| 08/23/11 | CEA | Review current status of company/successor company. | 0.8 | 250.00 | 200.00 |
| 08/26/11 | PMM | Review file. | 0.3 | 250.00 | 75.00 |
| 09/06/11 | PMM | Research; Review file; Prepare complaint. | 2.0 | 250.00 | 500.00 |
| 09/07/11 | PMM | Research; Prepare complaint. | 2.5 | 250.00 | 625.00 |
| 09/08/11 | PMM | Research re complaint; Telephone calls with Trust Fund Administrator and Local. | 1.0 | 250.00 | 250.00 |
| 09/16/11 | CEA | Research re lawsuit; Telephone call to Durham re Recology; Review Complaint. | 0.8 | 250.00 | 200.00 |
| 09/21/11 | PMM | Research; Conference with Arostegui. | 0.3 | 250.00 | 75.00 |
| 09/21/11 | CEA | Telephone conference with attorney for Recology. | 0.3 | 250.00 | 75.00 |
| 9/30/11 | CEA | Review corporate status and multiple company names. | 0.5 | 250.00 | 125.00 |

239753.doc

EXHIBIT "G"
ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger
Company, and Coastside/Seacoast Disposal Company

| Billing Date | Billing Attorney | Service | Attorney Hours | Price | Value |
|---|---|---|---|---|---|
| 10/19/11 | CEA | Telephone conference with Durham re company. | 0.2 | 250.00 | 50.00 |
| 10/27/11 | PMM | Review letter from Durham. | 0.4 | 250.00 | 100.00 |
| 10/28/11 | PMM | Prepare memorandum re Recology's lack of liability; Prepare complaint | 0.7 | 250.00 | 175.00 |
| 10/31/11 | PMM | Prepare complaint. | 0.3 | 250.00 | 75.00 |
| 11/4/11 | CEA | Review correspondence from court and calendar dates | 0.4 | 250.00 | 100.00 |
| 11/7/11 | PMM | Conference with legal assistant re service of complaint. | 0.2 | 250.00 | 75.00 |
| 11/08/11 | PMM | Research; Conference with legal assistant re service of complaint | 0.2 | 250.00 | 50.00 |
| 11/22/11 | PMM | Research re service. | 0.1 | 250.00 | 25.00 |
| 12/07/11 | PMM | Research re Default. | 0.2 | 250.00 | 50.00 |
| 12/13/11 | PMM | Prepare Default Motion. | 0.3 | 250.00 | 75.00 |
| 12/28/11 | CEA | Review status of litigation matter. | 0.3 | 250.00 | 75.00 |
| 01/23/12 | PMM | Research re ADR; Telephone call with Trust Fund representative Nora Johnson; Conference with Catherine Arostegui. | 1.0 | 250.00 | 125.00 |
| 01/25/12 | PMM | Prepare ADR form for court; Conference with legal assistant. | 0.3 | 250.00 | 125.00 |
| 01/31/12 | CEA | Review status of default judgment. | 0.3 | 250.00 | 175.00 |
| 02/04/12 | PMM | Research; Prepare motion default judgment. and Declaration | 3.4 | 250.00 | 850.00 |
| 02/07/12 | PMM | Research; Prepare motion for default judgment and Case Management Statement | 2.7 | 250.00 | 675.00 |

EXHIBIT "G"
## ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger Company, and Coastside/Seacoast Disposal Company

| Billing Date | Billing Attorney | Service | Attorney Hours | Price | Value |
|---|---|---|---|---|---|
| 02/07/12 | CEA | Review Default Judgment pleadings, attorney fees and costs.  Conference with McEntee. | 1.2 | 250.00 | 75.00 |
| 02/08/12 | CEA | Preparation of Itemization of Attorney Hours | 1.2 | 250.00 | 300.00 |
| 02/08/12 | PMM | Prepare default papers | 1.2 | 0.00 | 000 |
| 03/2312 | CEA | Review Default Judgment papers for hearing | 0.4 | 250.00 | 100.00 |
| 03/26/12 | PMM | Review correspondence from court | 0.1 | 250.00 | 25.00 |
| 03/26/12 | CEA | Review Judge's Order | 0.2 | 250.00 | 50.00 |
| 03/27/12 | CEA | Conference with McEntee re Judge's Order, billings, etc. | 0.4 | 250.00 | 100.00 |
| 03/28/12 | PMM | Research.  Prepare request for extension | 0.2 | 250.00 | 50.00 |
| 04/16/12 | BAB | Research re reasonable attorneys fees in Employee Retirement Income Security Act collection cases | 1.0 | 250.00 | 250.00 |
| 04/16/12 | CEA | Conferences with McEntee re Supplemental Declarations.  Telephone calls to local attorneys re attorney fee affidavits and cases.  Preparation of Supplemental Declaration in Support of Attorneys Fees | 4.3 | 250.00 | 1.075.00 |
| 04/16/12 | CEA | Review Declaration of Nora Johnson.  Telephone call to Johnson.  Review cases re attorney fees in U.S. District Court, Northern District of California. | 1.7 | 250.00 | 425.00 |
| 04/17/12 | BAB | Research re reasonable attorneys fees. | 0.7 | 250.00 | 175.00 |
| 04/18/12 | BAB | Research re attorneys fees in Employee Retirement Income Security Act collection cases | 0.3 | 250.00 | 75.00 |

239753.doc

EXHIBIT "G"
ITEMIZATION OF ATTORNEY HOURS

Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger
Company, and Coastside/Seacoast Disposal Company

| | | | | | |
|---|---|---|---|---|---|
| 04/18/12 | PMM | Prepare Declaration of Nora Johnson. Strategy conference with Arostegui. Research re: liquidated damages.  Prepare supplemental memorandum of points and authorities | 5.4 | 250.00 | 1,350.00 |
| 04/18/12 | CEA | Preparation of Supplemental Declaration of Catherine E. Arostegui in Support of Attorney Fees; Preparation of Declaration of Nora Johnson.  Telephone call to Johnson. | 2.4 | 250.00 | 600.00 |
| 04/19/12 | CEA | Finalize supplemental declarations of Nora Johnson and Catherine e. Arostegui, telephone conversations with Nora Johnson and Linquist office, update attorney hours summary. | 2.3 | 250.00 | 575.00 |

### Law Clerk Hours

| | | | | | |
|---|---|---|---|---|---|
| 10/22/10 | SLC | Research re current status of corporation and causes of action; draft complaint | 2.0 | 125.00 | $250.00 |

| | | | | | |
|---|---|---|---|---|---|
| Total Attorney hours | 71.7 | hours  at | $250.00 | = | $17,925.00 |
| Total Clerk hours | 2.0 | hours  at | $125.00 | = | $   250.00 |
| | | | | **Total** | **$18,175.00** |

**Legend of Initials for Fee Exhibit

CEA = Catherine Arostegui, Senior Attorney at Beeson, Tayer & Bodine
PMM = Peter McEntee, Associate Attorney at Beeson, Tayer & Bodine
BAB = Brandon Brazil, Associate Attorney at Beeson, Tayer & Bodine
SLC = Karli Bobus, former Sacramento Law Clerk at Beeson, Tayer & Bodine

239753.doc

# EXHIBIT H

EXHIBIT "H"
ITEMIZATION OF COSTS

*Teamsters Benefit Trust v. Coastside  Scavenger Company; Coastside/Seacoast  Scavenger Company, and Coastside/Seacoast Disposal Company*

| Date | Filing fee | Price | Total |
|---|---|---|---|
| 10/31/11 | Cost Advanced paid to: United States District Court, Northern District of California | 350.00 | **$350.00** |

| Date | Process Server | Price | Total |
|---|---|---|---|
| 11/3/11 | Cost Advanced paid to: Wheels of Justice for address search of Defendant | 165.00 | |
| 11/8/11 | Cost Advanced paid to:  Wheels of Justice for service of process on Defendant | 300.00 | **$465.00** |

| Date | In-House Photocopies | Price | Total |
|---|---|---|---|
| 10/28/11 | In-House Photocopies | 0.1 | 54 |
| 10/31/11 | In-House Photocopies | 0.1 | 240 |
| | | Total | $  29.40 |

| Date | Overnight Mail | Price | Total |
|---|---|---|---|
| 12/13/11 | Cost Advanced paid to: United Parcel Service - 2nd day delivery to Hon. Laurel Beeler - USDC N.D of CA | 21.46 | |
| 01/25/12 | Cost Advanced paid to:  United Parcel Service | 22.37 | |
| 03/28/12 | Cost Advanced paid to United Parcel Service - overnight delivery to Hon. Laurel Beeler - USDC N.D. of CA | 24.35 | |
| | | Total | $  68.18 |

| Date | Research | Price | Total |
|---|---|---|---|
| 09/25/11 | On-Line Legal Research (Westlaw) | 2.83 | |
| 02/25/12 | On-Line Legal Research (Westlaw) | 37.75 | $  40.58 |

**Total Costs    $953.16**

239754.doc